## NACOGDOCHES LIGHT & POWER CO. v. THOMAS & RICHARDSON.

(Court of Civil Appeals of Texas. Galveston. May 26, 1911.)

1. ELECTRICITY (§ 11*)—ELECTRIC COMPANIES —QUASI PUBLIC SERVICE CORPORATIONS.

An electric light company having a municipal franchise is a quasi public corporation, and is bound to furnish lights to those members of the public who desire them.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. § 11.*]

2. ELECTRICITY (§ 11*)—ELECTRIC COMPANIES —QUASI PUBLIC SERVICE CORPORATIONS— REASONABLE RULES.

The rule of an electric light company having a municipal franchise that persons using electric lights can use no other is unreasonable as tending to create a monopoly, and the com-

pany cannot justify a refusal to supply light because that rule is not observed.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. § 11.*]

Appeal from District Court, Nacogdoches County; James I. Perkins, Judge.

Mandamus by Thomas & Richardson against the Nacogdoches Light & Power Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Ingraham & Hodges, for appellant. Blount & Strong, for appellee.

REESE, J. Thomas & Richardson is a mercantile corporation doing business in the town of Nacogdoches, and the Nacogdoches Light & Power Company is a quasi public corporation engaged in operating an electric light plant in said town. Up to the 10th of March, 1910, the Light & Power Company was furnishing to Thomas & Richardson in its store or place of business sufficient electricity to run seven electric lights; they paying therefor the usual price. On March 10, 1910, they put in a different system of lighting with gas, but desired to retain the electric light system to be used by them as they might have occasion, by paying therefor in proportion to the amount of electricity used, according to the established rate, or a minimum charge of $2 per month, in accordance with the accustomed rules of the light company. This the Light & Power Company refused to allow, requiring that Thomas & Richardson either abandon the other system, or his electric system would be disconnected. Upon their refusal to accede to this, but insisting upon their right to be served upon the same terms as the general public, by paying the usual rate for such electricity as they might use and the minimum charge aforesaid, the Light & Power Company disconnected their lights. Thereupon Thomas & Richardson brought this suit in the district court, praying that the Light & Power Company be required and compelled by writ of mandamus to restore the connection and continue to furnish them with light.

Defendant answered by general demurrer and general denial, and set up that it had established a rule, in substance, that storehouses using its lights should do so in fact, and not nominally, and that if it permitted one of its customers to do as plaintiff required it would have to permit all of them to do so, the effect of which would be that they would be unable to run their business and would have to abandon it. Defendants claimed that the rule was a reasonable one.

Upon trial without a jury, judgment was rendered for plaintiff as follows: "Wherefore, it is ordered, adjudged, and decreed by the court that the defendant herein, the Nacogdoches Light & Power Company, a corporation, do furnish and supply to the plaintiff herein, Thomas & Richardson, a corporation,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

electricity for such uses and purposes as the plaintiff may demand and is prepared to receive, and upon the same terms as the same service is furnished to other patrons of said defendant company in said city of Nacogdoches, regardless of the fact as to whether or not the said plaintiff herein uses any other means of lighting its storehouse, as described in its petition; and the said defendant company is hereby adjudged and required to so supply and furnish its electricity to the said plaintiff in its storehouse on the north side of the public square, in the city of Nacogdoches, and on demand from this day, under the pains and penalties which may be visited upon it for contempt of this court, in the event of its refusal to comply with this judgment."

The assignments of error present in varying forms the one general complaint that the court erred in rendering judgment for plaintiff, and the case on this appeal may be more satisfactorily disposed of without a discussion of the several assignments of error.

This is in no sense a suit under the provisions of chapter 117, Acts 30th Legislature, p. 217, or chapter 145, Acts 29th Legislature, p. 348. It has nothing to do with regulating the rates to be charged by appellant.

[1] Appellant is a quasi public corporation, and by virtue of its charter is charged with the performance of certain duties to the public which it can be compelled by the courts to perform. This is a part of the burden it took upon itself when it procured a franchise authorizing it to exercise the privileges and granting to it the powers usual to such corporations. It cannot, like a private individual or a purely private corporation, refuse to perform these duties. This principle of the duties of such corporations, and the corresponding rights of those of the general public who deal with them, is thoroughly recognized. Union Pacific R. Co. v. Hall, 91 U. S. 343, 23 L. Ed. 428; 26 Cyc. 377, full citation of authorities; State v. Kinloch Tel. Co., 93 Mo. App. 349, 67 S. W. 684.

[2] The record shows that appellant had a rule according to which it furnished to persons generally electricity for lighting and other purposes, charging a certain rate for the amount so furnished, but imposing a minimum charge of $2 per month in case the amount used, at the rate charged, did not amount to that much. Appellee desired to be served on these terms, for which it was willing to pay. But appellant had another rule that persons using its lights must use no other kind of lights, and claims that appellee had violated this rule by putting in the system of gas lighting which it desired to use in connection with the electric system. The effect of such a rule, if enforced, can easily be seen. The tendency would be to drive one or the other of the systems out of business, and to give the one remaining a monopoly of the business. If appellant had the right to impose this condition as to the use of gas, it would have equally the right to impose it as to the use of kerosene lamps or candles, and thus compel all of its customers to use its lights alone, or do without its service entirely. Such a rule or regulation is on its face unreasonable and could not be enforced.

There seem to be no other questions presented by this appeal. We have examined the several assignments of error and the several propositions thereunder, and our conclusion is that none of them presents any ground for reversing the judgment.

The judgment is affirmed.

Affirmed.